## STERLEY COMMON SCHOOL DIST. NO. 30 et al. v. COUNTY BOARD OF SCHOOL TRUSTEES OF FLOYD COUNTY et al.

### No. 5758.

Court of Civil Appeals of Texas. Amarillo.
Jan. 20, 1947.

Rehearing Denied Feb. 24, 1947.

Berry & Allred, of Lubbock, for appellants.

Richard F. Stovall, of Floydada, and Griffin & Morehead, of Plainview, for appellees.

BOYCE, Justice.

This suit was brought by the Sterley and Irick Common School Districts against the County Board of School Trustees of Floyd County for the purpose of nullifying the acts of the County Board in grouping six common school districts for rural high school purposes. The case was tried to a jury and upon its verdict judgment was rendered that the plaintiffs, Sterley and Irick Common School Districts, appellants here, take nothing as against the defendants, County Board of School Trustees of Floyd

County and others not necessary to name, appellees. The appeal is predicated upon three points of error to the effect that the trial court erred in refusing the appellants' request for a peremptory instruction, in refusing to give appellants' Requested Special Issue No. 2 and in refusing to give appellants' Requested Special Issue No. 3. The appellees submit in their first counter point the proposition that the judgment should be affirmed for the reason that appellants failed to file a motion for new trial.

In our opinion, the counter point is decisive if it is well taken. The counter point is based on Rule 324 of the Texas Rules of Civil Procedure. Rule 324 is denominated "Prerequisites of Appeal". It is stated that the object of the rule is to require a motion for new trial to be filed as a prerequisite to an appeal in all district and county court cases unless the case is tried before the court without a jury, or a peremptory instruction is given, or the appeal is based upon some error arising after the action of the trial court upon the motion for a new trial, or unless five full days will not intervene from the time of the rendition of the judgment to the adjournment of the court for the term.

▮▮▮ The appellants first contend that the counter point is not well taken because the court adjourned for the term by operation of law within five days from the date of the rendition of the judgment. Subdivision 110 of Article 199, Vernon's Texas Civil Statutes, as amended, prescribes the terms of court of the 110th Judicial District, composed of Floyd, Briscoe, Motley and Dickens Counties. The terms of the District Court of Floyd County begin on the first Mondays in February and July. The terms in Motley County begin on the first Mondays in March and August. The law also provides that each term of court in each county may continue until the date fixed for the beginning of the succeeding term in that county. Appellants assert that because of the use of the permissive word "may", the July term of court in Floyd County ends, by operation of law, on the first Monday in August unless the term is extended by the judge. They have filed a certificate of the District Clerk of Floyd County that no order was entered extending the term of the 110th Judicial District Court of Floyd County from the first Monday in August, 1946, to the first Monday in February, 1947. The clerk further certifies that the terms in Floyd County and all other counties in the district are continuous. The case was tried and judgment was rendered in September, 1946; the judgment recites that the case was heard at a regular term. The appellants argue that the case was tried at a special term, which ended upon rendition of the judgment. No order calling a special term is shown nor is any order adjourning the regular term. The question presented is whether the Statute fixes the duration of a term of court in each county from the date specified for the court to convene in that county to the date specified for it next to convene in another county or from the date specified for it to commence in a particular county until the date specified for it to again convene in that county. Prior to the amendment of Subdivision 110 of Article 199 by the 48th Legislature, there were three terms of court in each county in the district each year; Subdivision 110, Article 199, Vernon's Texas Civil Statutes. Section 1 of the amending act provides for two terms of court in each county annually. A term commences in Briscoe County on the first Monday in January, in Floyd County on the first Monday in February, in Motley County on the first Monday in March, and in Dickens County on the first Monday in April; a second term in Briscoe County commences on the first Monday in June, in Floyd County on the first Monday in July, in Motley County on the first Monday in August and in Dickens County on the first Monday in November. Section 2 of the Amendatory Act, Acts of 1943, 48th Legislature, Chapter 91, page 121, provides that the rearrangement of the terms in the district will aid immeasurably in the dispatch of the business of the courts in the counties affected and will avoid delay in the transaction of business in the courts. If appellants' contention is correct, the Legislature has substituted two short terms, of one month each, for the three terms of five weeks each, previously provided for Floyd County, the most populous county in the district.

Two terms are also substituted for three in each of the other counties. It is obvious that the substitution, instead of avoiding delay and expediting the transaction of business in the courts, would have the opposite effect. It seems to us that the amending act evidences the intention of the Legislature to fix the duration of the terms of court in each county from the date set for the commencement of one term in that county until the date specified for the commencement of the next term in that county. This intention is further borne out by the provision in the amendment that the judge of the court, in his discretion, may hold as many sessions of court in any term in any county as he deems proper and expedient for the dispatch of business. We hold that the term of court at which the case was tried does not end until the first Monday in February, 1947, and the appellants, therefore, had ample time in which to file a motion for new trial.

The appellants' second reason for urging that the appellees' counter point is not well taken is that no motion for new trial is necessary when a peremptory instruction has been refused. They argue that since Rule 324 provides that no motion for new trial is required when a peremptory instruction has been given, the converse should be true. Whatever may be the logic of appellants' contention, it is not embodied in the rule. The rule states that its object is to require motions for new trial in all cases except those enumerated. Cases in which a peremptory instruction has been refused are not among the listed exceptions.

Thirdly, appellants urge that appellees' first counter- point is unsound because the trial court ruled on all of the matters here presented for review during the trial. They cite in support of this contention Phillips Petroleum Co. v. Booles, Tex.Com.App. 276 S.W. 667 and Rowan v. Allen, 134 Tex. 215, 134 S.W.2d 1022. Rule 324 of the Texas Rules of Civil Procedure is a restatement of former Rule 71a pertaining to practice in district and county courts. Rule 71a was promulgated by the Supreme Court in the case of Stillman v. Hirsch, 128 Tex. 359, 99 S.W.2d 270, 274. The reasons for the rule are stated in the opinion and will not be repeated here. It is there held that a motion for new trial is necessary except in the situations enumerated in the rule and in certain cases tried prior to its effective date. Rowan v. Allen, supra, falls within the latter category.

The appellants have failed to bring themselves within any of the exceptions enumerated in Rule 324 requiring a motion for new trial in jury cases as a prerequisite to an appeal. The appellees' first counter point is sustained and the judgment of the trial court must, therefore, be affirmed. Traders & General Ins. Co. v. Scott, Tex. Civ.App. 189 S.W.2d 633, 635, writ of error refused for want of merit; Daniel v. Fry, Tex.Civ.App. 195 S.W.2d 155, 156, writ of error refused, no reversible error.