Charles G. MELEAR, Appellant,

v.

Earl FAIRCHILD et ux., Appellees.

No. 6426.

Court of Civil Appeals of Texas.

Amarillo.

Oct. 4, 1954.

Rehearing Denied Nov. 8, 1954.

Underwood, Wilson, Sutton, Heare & Boyce, Amarillo (Jerome W. Johnson, Amarillo, of counsel), for appellant.

Singleton & Trulove, Amarillo (C. Lloyd King, Amarillo, of counsel), for appellees.

PITTS, Chief Justice.

This is an appeal from a suit filed by appellee Earl Fairchild, joined by his wife, Louise Fairchild, against appellant Charles G. Melear, seeking property damages only by reason of an automobile collision at the intersection of Northeast 15th and North Arthur Streets in Amarillo, Texas, on or about January 2, 1953. Appellee's wife was operating his 1949 model Dodge automobile south on North Arthur Street while appellant was operating his automobile east on Northeast 15th Street when the two automobiles collided at the intersection of the two streets. The impact threw appellee's wife out of her automobile with such force as to render her unconscious for a short time and the collision damaged the body and frame of appellee's automobile for which property damages this suit was filed.

The parties joined issues by their pleadings, each party charging the other with several acts of negligence on the occasion in question, or at the time and place of the collision, which alleged negligence each party charges caused the collision in question that resulted in the alleged damages. The case was tried to a jury and judgment was rendered for appellee upon its verdict for damages sustained, in the sum of $324.05, from which judgment an appeal has been perfected.

Appellant predicates his appeal upon 7 points of error but for obvious reasons such points will not be separately discussed. In its charge, the trial court gave general instructions to the jury followed by the submission only of several sets of requested issues prepared by the respective parties inquiring about certain alleged acts of negligence of the opposing party, respectively, and the result of each, such as would place liability upon the adverse party if affirmative answers were given by the jury to any of the various sets of issues requested by the respective parties. But in submitting the said requested issues, the acts of negligence inquired about were not limited to the time and place of the collision or connected with the occasion in question, although such had been so pleaded by the respective parties. For example, the first set of questions requested by appellant as defendant and submitted by the trial court made the following inquiries:

"(a) Do you find and believe from a preponderance of the evidence that Mrs. Fairchild drove her vehicle at a rate of speed in excess of 30 miles per hour?

"Answer Yes or No.

"If so, then

"(b) Do you find and believe from a preponderance of the evidence that such rate of speed was a proximate cause of the collision and any resulting damages?

"Answer Yes or No."

In response to these inquiries, the jury answered the first one (a) in the affirmative and the second one (b) in the negative. Appellant, assuming that appellee's wife was operating her automobile at an excessive rate of speed immediately prior to the collision, has challenged the jury's answer to the second inquiry (b) on the alleged grounds of insufficiency of evidence. However, under the inquiry as presented, the jury did not find when appellee's wife operated her motor vehicle at a speed rate in excess of 30 miles per hour. A finding of an excessive speed rate on the occasion in question or just prior to the collision must have been made before the issue of proximate cause would become material. All other issues requested by both parties

were submitted without connecting the alleged negligence inquired about in any way with the time and place of the collision, except for the last negligent issue requested by appellee as plaintiff when he inquired if appellant failed to apply the automobile brakes "on the occasion in question." The jury answered he did not so fail and that issue has become immaterial on appeal. Each party properly pleaded the alleged acts of negligence against his adversary by limiting such to the occasion in question or just prior thereto, but the material requested issues presented by both parties failed to follow the language used in the pleadings, and therefore failed to limit the matters inquired about to the time and place of the collision.

 In his points 6 and 7, appellant takes the advantage of the improper submission of appellee's Requested Special Issue No. 9 concerning damages, if any, for the very reason that the same was not limited to the alleged property damages done on the occasion in question or as a result of the alleged collision at the time and place charged. The said issue was submitted in the following language:

"What amount of money do you find would adequately compensate Plaintiffs for damages sustained, if any, if paid now in cash?"

No further instructions on the issue of damages were given by the trial court. No measure, standard or rule of damages applicable to the pleadings and facts presented was given to the jury by the trial court. A failure to so instruct the jury constituted reversible error, since appellant had objected to the charge there given on such grounds, and has presented his point of error on appeal. International-Great Northern v. Casey, Tex.Com.App., 46 S.W. 2d 669; Gulf States Utilities Co. v. Dillon, Tex.Civ.App., 112 S.W.2d 752. No personal damages were sought by appellees. Certainly, the jury should have been given some rule or standard of measurement in fixing the damages sought and the issue of damages should have been limited to the property damages as pleaded, particularly

since the evidence revealed that appellee's wife was thrown from the automobile with such force that she was knocked unconscious at the time of the collision and the jury may have erroneously considered such a matter in connection with the issue submitted on damages by reason of the manner in which such issue was submitted. A recovery, if any, for damages should also have been limited to such as may have been directly and proximately caused by the alleged negligent act of the adverse party. Standard Paving Co. v. Pyle, Tex. Civ.App., 131 S.W.2d 200; Anderson v. Reichart, Tex.Civ.App., 116 S.W.2d 772.

An examination of the other assignments reveals no reversible error, but for the reasons stated appellant's Points 6 and 7 are sustained and the trial court's judgment is reversed and the cause is remanded.