**Calvin D. TUTTLE et al., Appellants,**

v.

**BEARING CHAIN & SUPPLY COMPANY,**
**Appellee.**

**No. 15562.**

Court of Civil Appeals of Texas.

Fort Worth.

Nov. 5, 1954.

Albert B. Morris, Dallas, for appellants.

Leachman, Matthews & Gardere, and Gordon H. Rowe, Jr., Dallas, for appellee.

MASSEY, Chief Justice.

From a judgment entered in behalf of a plaintiff in a suit for damages based upon an automobile negligence action, the defendants appealed.

Appeal dismissed.

During the course of the trial of the case the defendants made a motion for instructed verdict and, after the verdict was returned, made a motion for judgment non obstante veredicto. Both motions were overruled. The defendants did not file any motion for new trial. Therefore, by reason of the provisions of T.R.C.P. 324— Prerequisites of Appeal—the defendants have failed in a most material respect to comply with a provision of the law necessary to be complied with in order to maintain an appeal. Whether they are right or whether they are wrong, they have failed to give the trial judge the benefit of their reasons why they believe they have been erroneously prejudiced by way of the "motion for new trial" they are in duty bound required to at least file.

Of course the Rule in question provides for three exceptions to its requirement that a party desiring to appeal should file a motion for new trial as a prerequisite. Since this case was tried before a jury in the County Court all of the exceptions set out in the Rule would be possible to exist in certain instances. But in the present instance there was no peremptory instruction given the jury, there is no point raised in appellants' brief based upon an error arising after the action of the trial court upon a motion for new trial, and there was a full five days' time between the date the

judgment was rendered and the date the court was adjourned for the term.

Though the opinion in Rowney v. Rauch, Tex.Civ.App. Fort Worth 1953, 258 S.W. 2d 371, error refused, was based upon an appeal from a judgment of a district court coming within the Special Practice Act, as to which the last exception mentioned in the Rule would have no application, we believe the law in an instance such as here posed is settled as per this court's holding in that case.

The appeal is dismissed.