**DALLAS FOUNTAIN AND FIXTURE COMPANY, Inc., Appellant,**

v.

**Don L. HILL, Appellee.**

No. 15533.

Court of Civil Appeals of Texas. Dallas.

Dec. 11, 1959.

Rehearing Denied Jan. 8, 1960.

the fixture company denying liability and filing cross-action. On answers of the jury to special issues, judgment was rendered for appellee in the sum of $9,229.61, legal interest and costs, inclusive of a $1,600 auditor's fee from which this appeal is taken.

The initial agreement comprehended the procurement by Hill of contracts involving the installation of kitchen equipment for processing and completion by the fixture company on a percentage basis; claimed by the latter as 30% of the net profits, by plaintiff as 33⅓%; the suit being for his claimed portion of the profits after taking into consideration all expenses, losses and costs of completing contracts in progress when plaintiff was refused his claim of profits after demand. He also sued for reasonable attorney's fee which was stipulated at 20% of the net recovery. Defendant's answer contained exceptions, denial and cross-action for losses on certain jobs which it alleged was due to negligence and miscalculations of Hill and chargeable directly to him amounting to $8,683.05 (after deduction of Hill's net percentage), plus the sum of $1,170.65 representing value to defendant of "certain records, plans and specifications, purchase orders and invoices" taken away by Hill without authority upon termination of the employment; a total cross-action of $9,853.70. Admittedly, as part of the basic agreement, Hill was to draw $70 per week over the period to be charged against net profits, if any.

Because of disputes and disagreements as to gross amounts received on various jobs and amount of expenses and losses to be charged in such connection, an auditor was appointed to examine the company books and records, he making original and supplemental reports brought forward as original exhibits. The auditor's full report was accepted by the parties as correct, save for an item which appellee does not stress; it being stipulated that such report truly reflected the contents of the fixture company's books and records pertaining to the jobs and contracts in question.

Clair F. Achenbach, Dallas, for appellant.

Harris, Anderson, Henley & Rhodes, William B. Henley, Dallas, for appellee.

YOUNG, Justice.

Appellee's suit against Dallas Fountain and Fixture Company, Inc. was for a percentage of net profits allegedly due over a three year period under an agreement on either a partnership or employment basis,

In substance, the jury findings were (1) that the percentage of the net profits to Hill as agreed upon between the parties was .30%; (2) total of net profits on all the jobs sold by Hill was $55,196.18; (3) total net profits on the Clinton-Sherman Air Force Base, Reese Air Force Base Hospital, Mexia State School jobs were $15,-169.03; (4) that Don L. Hill sold the Bay Pine Florida Hospital job; (5) the net profit on said job was $7,348.99; and (6) that Don L. Hill made demand for payment of commissions more than 30 days prior to filing of suit (June 14, 1956).

We have carefully examined appellant's several points of appeal and same are viewed as without merit; our conclusions to such effect will now be stated seriatim.[1]

■ (1) In point one, appellant complains of the Court's failure to require plaintiff to answer material questions propounded in a deposition; that in consequence there was an admission relative to his receipt of a certain $25 check and "evidence of appellee's gross infidelity and a bar to recovery", etc. While the court ordered such deposition set up as part of the record, the "material questions" do not appear to have been offered in evidence. Further, no issue is raised in the case as presented of "gross infidelity"; rendering immaterial the subject matter of this point.

1. Said points are here listed: *First Point:* The appellant's certified material question to the Court which appellee refused to answer on his deposition, (Tr. p. 28) one of which related to that certain check in the sum of $25.00 payable to Doneal Hill by Bol-Lin Manufacturing Company of Dallas, dated March 5, 1956, and endorsed by Doneal Hill, which by appellee's refusal to answer such certified questions is an admission against appellee, (RCP 188(g) ) and such facts are taken as true, and are evidenced by appellee's gross lack of fidelity to the appellants and a bar to recovery, as the Court refused to rule on such questions which were reserved.

*Second Point:* There is material variance between the allegations in the sworn petition of appellee and his proof, on which appellants should have had judgment.

*Third Point:* The admission by the appellee that he had a commission arrangement with James R. Harrelson of Shreveport, La., for equipment sold under contracts of the appellants is further evidence of appellee's lack of fidelity to appellants and a bar to any recovery by appellee as a matter of law.

*Fourth Point:* The admission by the appellee that he removed, took, stole, and converted to his own use, drawings, contracts, documents and records, property of appellants, which is further proof of the lack of fidelity of the appellee and a complete bar to any recovery by appellee as a matter of law.

*Fifth Point:* Appellants expressly reserved all exceptions and certified questions in their pleadings upon which the trial court refused to rule.

*Sixth Point:* The Trial Court refused appellants introduction of material evidence which went to the proof of lack of fidelity of appellee, and acts of negligence, and to which exceptions were duly made, such refusal constituting fundamental error.

*Seventh Point:* Appellant moved for instructed verdict at the close of the testimony as the appellee did not discharge the burden of proof, admitted infidelity, and as matter of law appellant should have had judgment, the Court committing fundamental error in refusing such motion.

*Eighth Point:* Appellants requested the submission of the following Special Issue: "Now comes the defendant and cross-plaintiff, Dallas Fountain and Fixture Company, and requests the submission of Special Issue No. 7, as follows: What sum in Dollars, if any, and cents, if any, do you find from a preponderance of the evidence that cross-plaintiff, Dallas Fountain and Fixture Company, should recover from Don L. Hill, cross-defendant? Answer in Dollars, if any, and cents, if any. Answer: The above and foregoing Defendants Requested Special Issue was dictated by Counsel in the presence of the Court and opposing Counsel and was thus presented to the Court prior to the submission of the Court's charge to the jury and was by the Court refused, to which action of the Court the defendant and Cross-plaintiff excepts." (Tr. p. 111), which ruling constitutes fundamental error.

*Ninth Point:* That appellant's motion for new trial set forth the foregoing errors of the trial court, which motion was overruled, such ruling constituting fundamental error.

■ (2) Appellant's point two and the statement thereunder refers to various alleged deficiencies of pleading and proof; and is viewed as too general and multifarious for consideration under Rule 418 Texas Rules of Civil Procedure. No complaint is made of the jury verdict as not having support in the auditor's report. Neither was there any objection to plaintiff's evidence during the trial as not supported by the pleading; and where a jury verdict is within the scope of pleading, a judgment in conformity therewith will not be disturbed. Largent v. Etheridge, Tex. Civ.App., 13 S.W.2d 974.

(3) Points three and four relate to so-called admissions of plaintiff as further proof of lack of fidelity of appellee, which is in nowise made an issue in appellant's cross-action. Further, as stated by appellee's reply to point three, "there is no evidence of any commission arrangement which would bar recovery by appellee as a matter of law." We agree with appellee's statement in reply to point four to the same effect.

■ Appellee likewise correctly states that point five of the fixture company is too vague, indefinite and general for appellate consideration. The record, by which we are bound, nowhere discloses that Judge Davenport "refused to rule" on the matters complained of. Point six is also multifarious in that the subject matter relates back to a charge of commission arrangement with one Harrelson, and the Court's refusal to permit cross examination in such connection; also the Court's exclusion of the Exhibits 18 and 19 (purchase orders). With respect to such point however plaintiff Hill had already testified that he had never solicited or received a commission from any third person; and as to the Exhibits, same were not material, there being no defensive pleading bearing upon any such admission if any. Point seven (overruling defendant's motion for instructed verdict) was not complained of in motion for new trial.

Rule 324, and see Sterley Common School District No. 30 v. Board of School Trustees of Floyd County, Tex.Civ.App., 200 S.W. 2d 717.

■ In point eight appellant charges error in the Court's refusal to submit the Special Issue below quoted; presumably based on its cross-action for judgment against Hill in the sum of $9,853.70 and owing by him in consequence of his "material errors and negligence in preparing bids." In appellant's statement under the point it says that "appellee admitted his personal responsibility for the losses on contracts at Texas Christian University in the amount of $1675.00; Holloman Air Force Base, $2,917.43; and James L. Collins School, $838.12." All losses on jobs and cost of corrective work were already shown in the auditor's report as having been charged against the profits on the various jobs by appellant; and all these matters were considered by the jury in arriving at its net profit findings. It occurs to us that appellant cannot consistently charge the alleged items as expenses to the jobs and again to appellee personally short of some additional finding of particular negligence on part of Hill or admissions of personal responsibility. To say the least, preliminary fact questions should have been requested touching the items of appellant's cross-action. The trial court properly refused appellant's requested issue; the form of which having been uniformly condemned as not being limited to the items allegedly in dispute. Gulf States Utilities Company v. Dillon, Tex.Civ.App., 112 S.W.2d 752; International-Great Northern R. Co. v. Casey, Tex.Com.App., 46 S.W.2d 669; Melear v. Fairchild, Tex.Civ.App., 278 S. W.2d 280.

■ Point nine is patently entitled to no consideration. Rule 418, TCP.

The judgment under review is in all respects affirmed.