**PIONEER CASUALTY COMPANY,**
Appellant,

v.

**Louis M. BLACKWELL et al., Appellees.**

**No. 4268.**

Court of Civil Appeals of Texas.

Waco.

Oct. 8, 1964.

Rehearing Denied Oct. 29, 1964.

Talbert, Giessel, Cutherell, Barnett & Stone, Don Weitinger, Houston, for appellant.

Jim Phelps, Houston, for appellees.

WILSON, Justice.

This is an appeal without a motion for new trial from a judgment in a jury trial. Appellees, having recovered a default judgment in a personal injury action against insured, filed this suit against his automobile liability insurance carrier to recover the amount of the unsatisfied judgment. The insured had mailed the citation in the initial suit to an insurance agency 26 days after it was served, and the agency failed to forward it to appellant's home office. Appellees alleged the agency was authorized by the insurer to receive and forward the citation and petition. The insurance carrier denied the agency's authority and pleaded breach of a policy requirement that insured should immediately forward to the company every demand, notice or summons received by him.

The court submitted three issues to the jury: (1) whether the insurance agency had "actual authority" to accept the suit papers from insured on behalf of the insurer, (2) whether the agency had "apparent authority" to accept the papers, and (3) whether they were forwarded by insured to the agency "immediately". The jury answered the first two issues affirmatively, but were unable to agree on the third.

The judgment recites that appellant insurer and appellee-plaintiffs thereupon made motions for instructed verdict, or that the cause be withdrawn from the jury and that judgment be rendered for the respective movants. "The Court stated it was of the opinion that it was going to overrule both motions and grant a new trial. The defendant Pioneer Casualty Company then stated that rather than have to try the case again, it preferred that the court grant the plaintiffs' motion for judgment or instructed verdict, and give said defendant the oppor-

tunity to appeal, since it was of the opinion the cause could be decided on appeal. The court then stated that, instead of following such suggestion on the part of the said defendant, the court would take a partial verdict and then decide if it was possible to render a judgment on the verdict. Plaintiffs agreed to the taking of a partial verdict; however, the defendant Pioneer Casualty Company objected to the taking of a partial verdict." The court ordered the verdict read in open court, received, accepted and filed, after the jury had been polled. Eight days after the verdict was so accepted and filed, appellant filed a "motion for judgment" that plaintiffs take nothing against it. This motion was overruled, and appellees' motion for judgment was granted.

Appellant's nine points each assert the court erred in overruling (a) its motion for instructed verdict, and (b) its motion for judgment non obstante veredicto for specified reasons. The reasons urged are, in essence, that there is no evidence to sustain the two jury findings; that the agency had no authority as a matter of law, and insured breached the contract of insurance as a matter of law, as to forwarding suit papers.

Appellant's procedural methods have precluded our consideration of most of its contentions. Rule 324, Texas Rules of Civil Procedure, provides that a motion for new trial is a prerequisite to appeal; provided that it is not so essential in order to complain, among others, "of the action of the court in *giving* a peremptory instruction, or in *withdrawing* the case from the jury and rendering judgment, or in rendering or refusing to render judgment non obstante veredicto or notwithstanding the finding of the jury on one or more special issues." It provides that a motion shall not be required in a nonjury case.

■ We have no jurisdiction to consider appellant's points that the court erred in overruling its motion for instructed verdict. The *overruling* of this motion (as distinguished from its having been granted) may

not be complained of on appeal in a jury case, under Rule 324, without an assignment in the prerequisite motion for new trial. Wagner v. Foster, 161 Tex. 333, 341 S.W. 2d 887, 892; Dallas Fountain and Fixture Co. v. Hill, Tex.Civ.App., 330 S.W.2d 648, 651, writ ref., n. r. e.; Wagner v. Walenta, Tex.Civ.App., 225 S.W.2d 463; Sterley Common School Dist. etc. v. County Board of School Trustees, etc., Tex.Civ.App., 200 S.W.2d 717, 719, writ dism.; Tuttle v. Bearing Chain & Supply Co., Tex.Civ.App., 272 S.W.2d 745. See McKelvy v. Barber, Tex.Sup., 381 S.W.2d 59, 62.

The court did not "withdraw" this case from the jury as in, e. g., Smock v. Fischel, 146 Tex. 397, 207 S.W.2d 891. The court, instead, received and accepted the verdict. The case did not become a non-jury case. Although the judgment recites numerous findings of fact in addition to those relating to the forwarding of suit papers, the court was not authorized to make findings on controverted issues of fact, Ditto v. Ditto Investment Co., 158 Tex. 104, 309 S.W.2d 219, 220; Fancher v. Cadwell, 159 Tex. 8, 314 S.W.2d 820, 822; See Hooker v. Roberts, Tex.Civ.App., 330 S.W.2d 493. In the state of the record the court was authorized to decide and make a conclusion of law on the third unanswered issue if the evidence was undisputed, or the undisputed evidence determined the question as a matter of law; otherwise, he was authorized only to declare a mistrial. Gulf, Colorado & Santa Fe Ry. Co. v. Deen, 158 Tex. 466, 312 S.W.2d 933, 937. See Appellate Procedure in Texas, Sec. 8.4(1). The court concluded the 26-day delay in forwarding suit papers was not an "unreasonable" delay under the undisputed evidence.

■ We have no jurisdiction, absent a motion for new trial and an assignment here, to determine that the trial court was unauthorized to decide the third unanswered issue as being a disputed fact issue, and thereupon remand; for no complaint of that action has been preserved for review. Elliff v. Texon Drilling Co., 146 Tex. 575,

210 S.W.2d 558, 4 A.L.R.2d 191; Ramsey v. Dunlop, 146 Tex. 196, 205 S.W.2d 979.

■ Neither may we consider appellant's contentions under this record that there is no evidence to support the jury findings, for appellant did not file or present a motion to disregard the jury findings as having no support in the evidence as provided by Rule 301, and there is no motion for new trial. Miller v. Miller, Tex.Civ.App., 274 S.W.2d 762, 764, writ refused; See City of Austin v. Daniels, 160 Tex. 628, 335 S.W.2d 753, 81 A.L.R.2d 1180.

The only points preserved, consequently, are that the court erred in overruling appellant's motion for judgment non obstante veredicto. Under Rule 301 such a motion encompasses only the ground that "a directed verdict would have been proper." Houston Fire & Casualty Ins. Co. v. Walker, 152 Tex. 503, 260 S.W.2d 600, 603. We have applied a liberal construction to appellant's "motion for judgment" to consider it, with some doubt, to be such a motion.

■ We are unable to conclude that no issue of fact was raised as to whether insured "immediately" forwarded the suit papers to the insurance agency. The policy requirement that the process be "immediately" forwarded means "within a reasonable time under the circumstances, and ordinarily is a question of fact." Commercial Standard Ins. Co. v. Harper, 129 Tex. 249, 103 S.W.2d 143, 146, 110 A.L.R. 529; General Acc. F. & L. etc. v. Butler's Ice Cream Factory, Tex.Com.App., 5 S.W.2d 976.

■ In determining whether an instructed verdict for appellant would have been proper we do not decide whether the evidence raises an issue of fact concerning "actual authority" of the agency to accept and receive the citation. We have concluded that the evidence does not resolve the issue of apparent authority as a matter of law so as to make an instructed verdict proper under a motion for judgment non obstante veredicto. Appellant argues that the policy requirement that the insured shall forward any process served on him "to the company" settles the matter.

■ The existence of apparent authority is based upon estoppel, and one seeking to charge a principal through the apparent authority of an agent "must prove such conduct on the part of the principal as would lead a reasonably prudent person, using diligence and discretion, to suppose that the agent has the authority he purports to exercise." Chastain v. Cooper & Reed, 152 Tex. 322, 257 S.W.2d 422, 427.

Appellant furnished to McWilliams, doing business as Bankers Insurance Agency, its printed insurance application form on which insured signed his application filled out by McWilliams' employees and addressed to appellant, at the agency office. Appellant's corporate name was printed in the largest letters used in the form. It contained a printed blank designated "broker," in which the name "Bankers Insurance Agency" was typed. Appellant furnished to Bankers Insurance Agency a supply of its printed premium promissory installment note forms, one of which insured signed at the agency office at the instance of Bankers Insurance Agency contemporaneously with the making of the application. The printed payee in the note form was "Pioneer General Agency, Inc.", appellant's general agent. The note recited it was payable at the office of the latter agency in San Antonio. Collections on insured's note were made and the initial premium installment was received by McWilliams' agency in Houston with appellant's approval, upon its instructions, and in conformity to its standard practice. Appellant furnished McWilliams printed "daily" forms, one being used on insured's application, designated "Agent's Copy". Appellant issued the policy applied for on its forms, sending the policy to McWilliams for delivery to insured. The policy was "written by and through Bankers Insurance Agency" in Houston, it was stipulated. The agency retained a portion of the premium as commis-

sion, and transmitted the balance to appellant. McWilliams testified it was standard practice to tell insureds, if they had an accident, "come by our office; we will take care of you", and it "could have been told" insured "if any papers were served on him to bring them by" his office. He testified the present citation was most likely not the only one for appellant ever received in his office.

Insured testified McWilliams gave him a "coupon book to pay my insurance with," and a receipt for his "down payment" and a subsequent payment. The coupon book was sent to McWilliams by appellant. Insured went to McWilliams' office to make a report of the accident, signing the "blue form" which was filled out there by McWilliams' staff, and which "they were going to mail to Austin." Bankers Insurance Agency instructed insured to go to the office of an adjuster who regularly conducted appellant's investigations where he made oral and written statements. Insured mailed the citation to McWilliams' office, where it was temporarily misplaced or lost.

Appellant's vice president testified his company operated on a direct writing basis; that it furnished applications and note forms to McWilliams, who was not authorized to bind a risk, and who forwarded the application to appellant's subsidiary corporation, Pioneer General Agency; that appellant had never instructed McWilliams not to receive suit papers delivered to him; that about five percent of all appellant's citations were sent by insureds to an agent or broker; others were sent directly to the company or to an approved adjuster. Appellant had instructed its adjusters to tell insureds to turn citations over to them. He testified it was not a company policy that citations "all have to be mailed to San Antonio." "Q. You say you discourage turning these petitions over to the agent who wrote the policy, who took the application, but actually there is nothing wrong with doing that other than just one more

step in it. That is the only objection you have to it? A. Yes. That is right."

Appellant's adjuster, investigating insured's accident, testified on direct, "that assignment actually came from Bankers Insurance Agency", who reported it by telephone.

Appellant points to contrary evidence which would have supported a verdict in its behalf, but we have summarized a part of the facts and circumstances which in our opinion raise an issue of fact as to apparent authority precluding an instructed verdict. Affirmed.