**Joseph S. HOWELL, Appellant,**

v.

**David A. WITTS et al., Appellees.**

**No. 16997.**

Court of Civil Appeals of Texas.

Dallas.

Dec. 29, 1967.

Rehearing Denied Feb. 2, 1968.

Chester A. Oehler, Dallas, for appellant.

Fred T. Porter of Gardere, Porter & De-Hay, Dallas, for appellees.

DIXON, Chief Justice.

This is an appeal by Joseph S. Howell from the granting of a summary judgment in favor of appellees, David A. Witts and Jim K. Choate, defendants in the trial court, in a legal malpractice suit. Appellees formerly represented appellant as his attorneys.

Appellant alleges that due to appellees' negligence while acting as his attorneys he suffered damages in connection with the dissolution of his partnership with A. F. Bowden and in connection with subsequent litigation with said Bowden.

A judgment against appellant in the suit between Howell and Bowden was affirmed by this court. Howell v. Bowden, 368 S.W. 2d 842 (Tex.Civ.App., Dallas 1963, writ ref'd n. r. e.). Many of the facts pertaining to that litigation are set out in our opinion in the above case.

At the time Howell v. Bowden, supra, was tried appellees in this case had ceased to represent appellant. In most of the pretrial hearings and in the trial itself and in the appeal in the Bowden case appellant was represented by the same attorney who now represents him in this case.*

In his unsworn Sixth Amended Petition in this case appellant charges that appellees in representing him as his attorneys in his

---

* In pointing out that in most of the proceedings in Howell v. Bowden, Witts and Choate did not represent appellant, but that appellant's present attorney did represent him, we do not express or imply any criticism of appellant's present attorney.

controversy with Bowden were negligent in the following particulars:

1. On March 18, 1960 Witts advised appellant (a) to exclude Bowden from the partnership; (b) to operate their partnership, Tex-O-Koma Sales Company, as a sole proprietorship; and (c) to change the company bank account so that Bowden could not obtain money therefrom. The above acts of negligence, according to appellant, resulted in damages assessed against appellant in his suit with Bowden of $54,491.88, plus $9,099.27 interest and court costs, plus $18,000 attorney's fees.

2. On March 18, 1960 Witts by letter advised U. S. Relay Company, a profitable customer account, that the partnership had been dissolved, which notification was false and caused U. S. Relay Company to cancel its contract with the partnership—to appellant's damage in the amount of $37,000.

3. Attorney Choate, without appellant's permission, agreed to the appointment of a receiver in the suit between Howell and Bowden, thereby depriving appellant of an opportunity to sue Bowden for wrongful receivership—to appellant's damage in the amount of $17,491.88.

Appellant's prayer asked for judgment against Witts for $118,591.15; against Witts and Choate jointly and severally for $17,491.88; and in the alternative, against Witts for $81,591.15, and against Witts and Choate jointly and severally for $54,-491.88.

In an amended motion for summary judgment, sworn to by appellees' attorney, appellees included the record on appeal in the case of Howell v. Bowden, supra, and a copy of this court's opinion in that appeal. It is the contention of appellees that the said record on appeal and this court's opinion show conclusively that there are no material fact issues to be determined in the present case, therefore the trial court did not err in granting the summary judgment.

The trial court's order sustaining the motion for summary judgment recites that the court considered the pleadings of the parties, appellees' amended motion "with all attachments and exhibits" and that the latter included the Statement of Facts and the Transcript in the other suit. Moreover, under certificate of the clerk of this court said record was allowed to be withdrawn from our files and placed temporarily in the possession of the trial court for consideration in passing on appellees' motion for summary judgment in this case.

The only controverting affidavits filed in appellant's behalf in answer to appellees' motion for summary judgment were made by appellant's present attorney. These affidavits are mainly concerned with attacks on the sufficiency of the affidavits offered by appellees, with general charges of negligence against appellees and with an analysis of this court's opinion in Howell v. Bowden, 368 S.W.2d 842 (Tex.Civ.App., Dallas 1963, writ ref'd n. r. e.).

■ We are of the opinion that the affidavits filed in appellant's behalf by his attorney do not meet the requirements for controverting affidavits as prescribed in Rule 166–A, Sec. (e), Vernon's Texas Rules of Civil Procedure. Nevertheless we have studied the record on appeal and our opinion in Howell v. Bowden, supra, which were attached as exhibits to the affidavit filed in appellees' behalf by their attorney. We have concluded that said record on appeal and our opinion in that case negative the existence of fact issues in this case—especially in view of appellant's failure specifically to controvert the facts shown by the record.

In his brief on appeal appellant lists nine points of error. Each of these points is general and indefinite in character. None of them specifically points out the exact error alleged. Appellant does not present argument in behalf of each point separately, but includes all points under one argument. See Rule 418(b), T.R.C.P.; Moore & Moore Drilling Co. v. White, 345 S.W.2d 550 (Tex.Civ.App., Dallas 1961, writ ref'd n. r. e.); Dallas Fountain and Fixture Co.

v. Hill, 330 S.W.2d 648 (Tex.Civ.App., Dallas 1959, writ ref'd n. r. e.); Crutchfield v. Associates Inv. Co., 376 S.W.2d 957 (Tex. Civ.App., Dallas 1964, writ ref'd). However, in the light of the views presented in the argument we have decided to discuss appellant's contentions.

### APPOINTMENT OF RECEIVER.

There is no merit in appellant's claim that attorney Choate agreed to the appointment of a receiver without appellant's permission. As shown by the Statement of Facts and Transcript in the Bowden case after appellant's present attorney took over representation of appellant a motion was filed to vacate the receivership. Appellant himself testified at the hearing on that motion and admitted that he had agreed to the appointment of a receiver. His testimony on cross-examination was as follows:

"Q Is it your testimony you didn't authorize Mr. Choate to agree to the appointment of this receiver?

"A I didn't say that either.

"Q Did you authorize him to agree to the appointment of this receiver?

"A I accepted the receivership as an alternative without waiving any legal rights.

"Q Did you tell him to go ahead and agree to the receivership?

"A I had two alternatives—

"Q Answer my question, Mr. Howell. Did you tell him to go ahead and agree to the receivership?

"A On his legal advice, yes."

The Statement of Facts containing the above testimony was approved in appellant's behalf by his present attorney.

The trial court's order overruling the motion to vacate the receivership recites that Howell appeared in person and by attorney and announced ready, that all matters of fact and of law were submitted to the court and the court, after hearing and considering the evidence and the argument of counsel, was of the opinion that the motion should be and it was overruled.

No exception was taken to the above order. To the contrary it was approved without qualification in behalf of appellant by his present attorney. The overruling of the motion was not assigned as error by appellant in his subsequent appeal in the Bowden case.

■ Appellant in his brief in the present case says that the findings and holdings in the Bowden case are not *res judicata* against him in this case because the parties are not the same. We shall not pass on that question. But we shall and do hold that the above record includes admissions by appellant which are conclusive against him. See McCormick and Ray, "Texas Law of Evidence", Vol. 2, Sections 1127, 1145, 1147, pages 24, 34–38, and authorities there cited. And this is especially true since the affidavits offered by appellant in answer to the motion for summary judgment do not attempt to controvert the above testimony and recitations.

### WITTS' ALLEGED ADVICE IN RE EXCLUSION, ETC. OF BOWDEN.

There is no merit in appellant's claim that appellant was damaged by alleged advice from Witts (a) to exclude Bowden from the partnership; (b) to operate Tex-O-Koma Sales Company as a sole proprietorship; and (c) to change the company accounts so that Bowden could not obtain money therefrom.

The facts are established in the Bowden case that when Bowden returned on March 15, 1960 from a trip out of the city he found that the books of the company had been removed from the partnership offices, and the bank account had been changed so that Bowden no longer could draw on it, and other changes had been made hostile to Bowden's interests. A heated argument

took place on that same date. These facts are not controverted by appellant's affidavits.

■ In his Sixth Amended Petition, on which he went to trial in the instant case, appellant alleges that he employed Witts as his attorney on March 18, 1960 and that it was on March 18, 1960 that Witts gave the challenged advice. But the above acts of exclusion of Bowden by Howell took place on or before March 15, 1960—three days before Witts was employed as Howell's attorney. It is not shown exactly when the acts of exclusion took place, but they must have occurred on or before March 15, 1960, prior to Witts' employment as attorney, for when Bowden returned on March 15, 1960 the said acts had already occurred.

CLAIM THAT WITTS FALSELY REPRESENTED TO U. S. RELAY COMPANY THAT PARTNERSHIP HAD BEEN DISSOLVED.

There is no merit in appellant's claim that he was damaged by Witts' alleged false representation to U. S. Relay Company that the partnership had been dissolved.

Appellant's contention is based on his belief that "it was well known by the average legal practitioner in Dallas, Texas, * * that a partnership could only be terminated by an agreement between the parties of the partnership, by a Court Decree, or by operation of law as in the death of one of the parties, * * *."

■ The above allegation in appellant's Sixth Amended Petition is not a correct statement of the law. When a partnership agreement sets no time limit for the duration of the relationship, as was true in this case, the partnership is terminable at will. We so held in our opinion in the appeal of the Bowden case, 368 S.W.2d 842, 846. See also 44 Tex.Jur.2d, pp. 510, 511; Art. 6132b, Sec. 31(1) (b), Vernon's Ann.Civ.St. The record shows that at the meeting of the partners on Bowden's return on March 15, 1960 Bowden notified Howell that the partnership would be dissolved.

Appellant went to trial in the Bowden case on his Third Amended Answer, which was filed in his behalf by his present attorney, not Witts or Choate. In this pleading appellant says that Bowden on March 9, 1960 informed U. S. Relay Company that he would terminate the business arrangement with appellant. Appellant's answer then alleged "which the Plaintiff herein accomplished by going to the office of Tex-O-Koma Sales Company in Grand Prairie, Texas, on March 15, 1960, and told Defendant herein that the partnership was dissolved, which act on the part of the Plaintiff herein resulted in a termination of the partnership, if any, as of March 15, 1960." Furthermore in appellant's brief on appeal in Howell v. Bowden he made this allegation: "If there was a partnership, the partnership was dissolved on or before March 15, 1960. Defendant's lawyer, by letter dated March 18, 1960, notified Plaintiff that the partnership had been dissolved and an accounting would be tendered. * * * the Defendant was certainly entitled to the money collected after the receiver took over as a result of the Defendant's efforts subsequent to the date of dissolution, March 15, 1960, * * *." The brief containing the above allegation was not prepared or filed by Witts or Choate. It was prepared and filed by appellant's present attorney.

■ Thus it is apparent from Howell's own testimony and pleadings in the Bowden case that he considered the partnership dissolved as of March 15, 1960. In that suit he further sought to have the partnership assets divided equally as of March 15, 1960 and to have the proceeds of the business received after that date turned over to him alone. In the face of these undisputed and uncontroverted facts Howell cannot now be heard to say that his attorney falsely represented to the U. S. Relay Company that the partnership had been dissolved as of March 15, 1960.

We are of the opinion that the court correctly sustained appellees' motion for summary judgment.

Appellant's points of error are overruled.

The judgment is affirmed.