**HESTER v. WEAVER et al.**

No. 2951.

Court of Civil Appeals of Texas. Eastland.

Oct. 24, 1952.

Rehearing Denied Nov. 7, 1952.

D. J. Brookreson, Brookreson & Brookreson, Seymour, for appellant.

Billingsley & Bullington, Munday, for appellee.

COLLINGS, Justice.

This is a suit by Mrs. Ella Weaver, a widow, S. G. Weaver, D. B. Weaver, Darlene Harrison and husband, Robert Harrison, Maude Coulter and husband, Jack P. Coulter, W. C. Weaver and Bert Weaver, as the heirs and beneficiaries under the will of D. B. Weaver, deceased, against J. P. Hester. Plaintiffs alleged that they owned one-half of all the mineral rights in and upon the West 120 acres off the South one-half of Section 44, Block No. 2, D. & W. Ry. Co. Survey in Knox County, Texas, and that defendant Hester owned the surface estate in and to such land, together with the remaining one-half of the mineral rights therein. Plaintiffs prayed for a partition and division of such mineral interest. Defendant Hester answered by a plea of not guilty and a general denial. Plaintiffs thereupon filed a motion for summary judgment. Defendant filed a reply thereto together with a motion for summary judgment in his favor. Upon a hearing, the court overruled defendant Hester's motion for summary judgment and granted a summary judgment in favor of plaintiffs, directing a partition of the minerals as prayed. J. P. Hester has brought this appeal.

The pleadings of the parties agree that D. B. Weaver and wife, Ella Weaver, conveyed the 120 acre tract in question to D. C. Jacobs and wife by deed dated October 28, 1919, which contained the following language:

"It is specifically agreed and understood that a one-half interest in all oil and mineral rights are hereby reserved and retained by grantor herein."

It is further agreed in the pleadings that Jacobs conveyed the land to J. P. Hester by a deed which made no mention of any mineral reservation.

■■ In order for appellees as plaintiffs to recover under their pleadings, it was necessary for them to establish (1) that one-half of the mineral interest in the land in question was reserved by D. B. Weaver and wife in their deed of the property to D. C. Jacobs, and (2) that appellees are, as alleged by them, the owners of such reserved mineral interest. We are of the opinion that both such elements of appellees' cause of action were established by the pleadings and motions for summary judgment filed by the parties, and that the court properly entered summary judgment for appellees. The deed from D. B. Weaver and wife to D. C. Jacobs containing the above described and purported mineral reservation was alleged in and made an exhibit to the pleadings of both parties. Such reservation in the deed to Jacobs was set out therein along with the consideration but the granting clause describing the land contains no mention of a reservation of any mineral interest nor is such a reservation set out in the habendum clause or the warranty clause to such deed. Appellant contends that the attempted reservation contained only in the portion of the deed in which a recitation of the consideration is set out is in conflict with the granting clause, the habendum clause and the warranty clause and constitutes a breach of warranty at the time the deed was executed and delivered, and that all of the minerals passed to the grantee, Jacobs, in satisfaction of such breach. Appellant relies upon the case of Duhig v. Peavy-Moore Lumber Co., 135 Tex. 503, 144 S.W.2d 878, in support of his contention. We cannot agree with this theory of the case. The fact that the reservation appeared in connection with and only in that portion of the deed in which the consideration was set out and did not appear in the granting clause, the habendum clause or the warranty clause did not keep it from being effective. The intention and import of a deed is determined by an examination of the deed as a whole and a specific provision appearing therein will be given effect unless it is in conflict and cannot be harmonized with the remaining portion of the instrument. When this deed is considered as a whole, there can be no doubt that it was the intention of the parties that one-half of the minerals should be reserved. The language of the reservation was clear and specific. The remaining portion of the deed was in

general terms and was subject to the specific intent expressed in the reservation. Such reservation effectively reserved and retained to D. B. Weaver and wife a one-half interest in the minerals in and upon said 120 acre tract of land.

The facts of the Duhig case were that Duhig who owned the surface estate in a tract of land and one-half of the minerals therein executed a warranty deed conveying said land and reserving one-half of the minerals. It was held that the effect of the reservation was to except from the conveyance only the one-half mineral interest which was not owned by Duhig and that, contrary to his contention on the trial of the case, the deed invested in Duhig's grantee title to the surface estate and the remaining undivided one-half interest in the minerals. As in the instant case, that is what was purported to be conveyed. The court gave effect to the expressed intention of the deed by holding that Duhig simply reserved and excepted from the conveyance the one-half mineral interest which he did not own. To have held that all of the minerals were reserved would have been contrary to such express language of the deed and also would have constituted a breach of warranty at the time the deed was executed and delivered. The holding in the instant case in no wise conflicts with the holding in the Duhig case.

 Appellant also contends in effect that if a one-half mineral interest was reserved by D. B. Weaver and wife, that appellees did not establish their title thereto. Appellees' pleadings and motion for summary judgment indicate that they claim title to such mineral interest as beneficiaries under the will of D. B. Weaver. They allege that by the terms of such will, D. B. Weaver left a life estate to his wife, Ella Weaver, with remainder to other appellees. An examination of appellant Hester's reply to appellees' motion for summary judgment and of his motion for summary judgment in his own behalf indicates that he, Hester, does not seriously question the facts upon which appellees claim to be the beneficiaries under the will of D. B. Weaver. Facts are admitted which establish D. B. Weaver and wife as the common source of title. Appel-

lant admits that "the deeds and other title instrument recorded in Knox County are recorded in the books and pages therein stated." The "other title instrument" plainly refers to the will and indicates appellant's knowledge of the will and its contents. In appellant's motion for summary judgment in his favor, he refers to the plaintiffs (appellees) as the heirs of D. B. Weaver. The purpose of Rule 166-A, Texas Rules of Civil Procedure, providing for the entry of a summary judgment, is to expedite the final determination of a case where there are no material issues of fact, and the sole function of the court in such cases is to determine whether there is an issue of fact to be tried. An examination of the pleadings of the parties and their motions for summary judgment and replies thereto indicates that there are no material issues of fact between these parties. In appellant's brief, filed in this court, he states that "these meager facts" (referring among other facts, to the allegations by appellees concerning the will of D. B. Weaver and the alleged fact that they were beneficiaries under such will) are "not seriously controverted." The real contention urged by appellant in this court, as well as in the trial court, was that the attempted reservation of one-half the minerals in the deed from D. B. Weaver and wife to Jacobs was not effective because it appeared only in the consideration clause of the deed and not in the granting clause, the habendum clause or the warranty clause thereto. This contention presents an issue of law and not one of fact.

 It is true, as urged by appellant, that Rule 169, Texas Rules of Civil Procedure, only provides for the demand for admissions of matters of fact and does not authorize such a demand for an admission of matters of law. The court, however, properly found from the pleadings that there was no material issue of fact between the parties because the facts material to appellees' right to recover were "not seriously" questioned. The court correctly resolved the issue of law in appellees' favor and granted their requested summary judgment.

The judgment of the trial court is affirmed.