A. J. ELIAS, Appellant,

v.

F. P. MANIS et al., Appellees.

No. 6050.

Court of Civil Appeals of Texas.

Beaumont.

June 29, 1956.

Rehearing Denied July 25, 1956.

A. C. Lesher, Jr., John E. Pledger, Jr., Houston, for appellant.

James M. Harrington, Jr., Liddell, Austin, Dawson & Huggins, Houston, for appellees.

ANDERSON, Justice.

The appeal is from a summary judgment in favor of the plaintiffs, rendered on their verified motion therefor. The judgment decreed cancellation and annulment of a deed of trust and removal of the cloud which the deed of trust was found to cast upon plaintiffs' title to real estate in Houston. As was proper in the circumstances, the appeal was originally perfected to the Galveston Court of Civil Appeals, and the case was then transferred to this court by the Supreme Court.

A more detailed statement of the nature of the case would serve no worthwhile purpose, because appellant neither contends that the record presents any controverted

fact issue nor denies that the judgment of the trial court was correct if the relief granted was of a nature that can properly be granted by summary judgment. His sole contention is that equitable relief cannot properly be granted in this manner.

Appellant argues that Rule 166–A, T.R.C.P., authorizes a summary judgment only in instances where there is no genuine issue as to any material fact and the moving party is entitled to judgment *as a matter of law* and *enforcible right* rather than *as a matter of equity* and impliedly denies authority to grant such judgments in instances where, even though there is no genuine issue as to any material fact, the desired relief may be either granted or withheld, as the sound discretion of the trial court may dictate. He bases the argument on one of the provisions of section (c) of the rule as well as on the fact that the rule fails to provide expressly that a summary judgment may be granted on equitable principles. The provision of section (c) on which he relies is the following: "The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that, except as to the amount of damages, there is no genuine issue as to any material fact and that *the moving party is entitled to a judgment as a matter of law*." (Emphasis supplied.)

In taking the position he does, appellant has failed to give effect to Sections (a) and (b) of the rule, which are as follows:

"(a) For Claimant. A party seeking to recover upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment may, at any time after the adverse party has appeared or answered, move with or without supporting affidavits for a summary judgment in his favor upon all or any part thereof. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to amount of damages.

"(b) For Defending Party. A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in his favor as to all or any part thereof."

We think that as used in the rule the words "claim, counterclaim, or cross-claim" were intended to refer to asserted causes of action and to make allowance for the various ways by which parties to a suit may present their supposed causes of action, and that they were not used in any more technical or restricted sense. So construed, the words are sufficiently comprehensive to include all kinds of causes of action, without regard to whether the rights of the parties are to be determined on principles of law or on principles of equity, and we are of the opinion that they were intended to apply to all kinds of civil actions and causes of action except such as are either expressly or impliedly placed outside their scope by statute or by some specific provision of a Rule of Civil Procedure, and such as may be ruled out by considerations of public policy. Furthermore, since the rule expressly confers the right to move for summary judgment in all such cases, there can be no doubt that, allowance being made for the possible exceptions just mentioned, it also authorizes the rendition of judgment on any such motion, provided there is no genuine issue as to any material fact.

We do not think it was the purpose of section (c) of the rule to curtail in any degree the authority conferred by sections (a) and (b), but it would have that effect to a very marked degree if the portion of it which has been quoted above should be construed as requiring in every instance a showing that in a strict and literal sense the movant is entitled to a judgment *as a matter of law*. Section (c) is addressed to matters of procedure, and the primary purpose of the sentence we have quoted from

it above is to command or direct that "judgment * * * shall be rendered forthwith" when a proper motion therefor is presented. It is not the purpose of the rule, however, to command or direct that judgment be rendered on motion in instances where there is a genuine issue as to a material fact nor in instances where, on the record presented, there is no basis in our system of jurisprudence for granting the relief that is sought. It was necessary, therefore, that the command or direction be qualified accordingly, and it was for this purpose, we believe, that the proviso, "if the pleadings [etc.] show that * * * there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law", was incorporated into the rule. The phrase, "as a matter of law", was not used in its strict and literal sense, in our opinion, but only in the sense of requiring that such judgment as may be rendered find support in our system of jurisprudence. We think it likely that the phrase may also have been employed, in part at least, for the purpose of accentuating the rule's requirement that there must be "no genuine issue as to any material fact."

The same considerations which make it desirable that trial courts proceed with dispatch to ascertain and apply legal principles to undisputed facts render it just as desirable that they proceed with equal dispatch to apply principles of equity to similarly undisputed facts; and, since we have failed to perceive any sound reason why the Supreme Court should have intended to make a distinction between law and equity as regards summary judgments, we conclude that it neither intended to make one nor did.

■ It follows from what we have said that we are of the opinion that a summary judgment may be granted on principles of equity as well as on principles of law, and we so hold.

While the question has not been specifically decided before, the conclusions we have reached would appear to be in keeping with the views of our courts generally, because summary judgments granting equitable relief have been consistently upheld without question when the facts warranted such relief. Willoughby v. Jones, 151 Tex. 435, 251 S.W.2d 508; Lesikar v. Lesikar, Tex.Civ.App., 251 S.W.2d 555, ref. n. r. e.; Starr v. Ripley, Tex.Civ.App., 265 S.W.2d 225. They are also in keeping with what has consistently been said to be the purpose of the rule, and that is to expedite final determination of cases. Hester v. Weaver, Tex.Civ.App., 252 S.W.2d 214, writ ref.; Sparkman v. McWhirter, Tex.Civ.App., 263 S.W.2d 832, writ refused. They are likewise in keeping with those cases which hold that the sole function of the court is to determine whether there is an issue of fact to be tried. Hester v. Weaver, supra. And the ultimate result is in keeping with the views of leading text writers on the subject; for example, in McDonald Texas Civil Practice, sec. 17.26, vol. 4, p. 1379, it is said: "The new rule [166–A] applies to every type of civil action, the facts of each case rather than the nature of the controversy determining the propriety of summary judgment." The same author, writing in 30 Texas Law Review 285, wrote at greater length on the subject as follows: "In its language the new rule applies to every type of civil action. It has been suggested that there is one implied exception: that 'the policy against collusive divorces would seem to exclude the use of summary judgment' by plaintiffs in divorce suits. This suggestion is probably accurate. But once the field of exceptions on the ground of policy is entered, others might be added. * * * I prefer, therefore, an approach which is somewhat different. Within the four corners of the rule I find no limitation on the type of action in which any party may move for a summary judgment. Under what circumstances the motion should be granted then becomes a separate inquiry."

Appellant has primarily relied on the case of Seaboard Surety Co. v. Racine

Screw Co., 7 Cir., 203 F.2d 532, 534, wherein Federal Rule 56 was construed as he would have us construe Texas Rule 166-A. It was held that a summary judgment decreeing specific performance of a contract was not authorized by Federal Rule 56, 28 U.S.C.A., the court saying, in part:

> "It is our view that the rule was not intended to, and from its phraseology does not encompass a situation wherein the relief sought is not allowable as a matter of a law or of right but is dependent upon a discretion to be exercised by the court. True, we find no authority which either supports or refutes this conclusion. However, it appears wholly incompatible to say in one breath that a party is entitled to prevail as a matter of law, and in the next, to admit that it is entitled to do so only in the discretion of the court. The two premises cannot stand side by side, as would be the result if Rule 56 (c) should be given application in an action for specific performance."

The case is pertinent because, with minor textual changes, Federal Rule 56 as originally promulgated was adopted as Rule 166-A of our Texas Rules, and the wording of the two rules, insofar as material here is the same. But it is not binding upon our state courts as regards the construction to be given our state rule, and, since it could not have been taken into consideration by the Supreme Court at the time Rule 166-A was adopted and promulgated, because not decided until long afterwards, we decline to follow it, for the reasons already stated. And we add, in passing, that other Federal decisions weaken the authority of the Seaboard case. See Engl v. Aetna Life Ins. Co., 2 Cir., 139 F. 2d 469, 472; California Apparel Creators v. Wieder of California, D.C., 68 F.Supp. 499. In the Engl case, it was said: "The federal summary judgment proceeding is the most extensive of any jurisdiction in that it is equally available to plaintiffs and defendants and in all forms and kinds of civil actions."

No reversible error having been presented, the judgment of the trial court is affirmed.