**Ralph O. MATHEWS et al., Appellants,**

**v.**

**FIRST CITIZENS BANK et al., Appellees.**

**No. 16293.**

Court of Civil Appeals of Texas.

Dallas.

Dec. 27, 1963.

Rehearing Denied Jan. 24, 1964.

Jackson, Walker, Winstead, Cantwell & Miller, H. Dudley Chambers, Jack Pew, Jr., Joe P. Mathews, Storey, Armstrong & Steger, and Paul S. Adams, Jr., Dallas, for appellants.

Brundidge, Fountain, Elliott & Churchill and Roger A. Hansen, Dallas, for appellees.

WILLIAMS, Justice.

Ralph O. Mathews brought this suit against First Citizens Bank (hereinafter called Bank) and American Optical Company (hereinafter called American Optical) seeking damages for conversion of a stock certificate registered in Mathews' name which was sold by the Bank and transferred by American Optical upon the forged indorsement of Mathews' name. In the alternative, Mathews sought replacement of evidence of ownership of the stock certificate, and of dividends which he would have been entitled to receive but for the wrongful transfer by American Optical to a third party. American Optical filed a third party action for indemnity against Merrill Lynch, Pierce, Fenner & Smith, Inc. (hereinafter called Merrill Lynch), and Merrill Lynch, in turn, filed a third party action for indemnity against the Bank. The Bank and Merrill Lynch filed third party actions for indemnity against Maudie Crane who pledged the stock certificate to the bank to secure a loan. At the conclusion of a non-jury trial the District Court rendered judgment in favor of Mathews against American Optical and the Bank, jointly and severally, in the sum of $4,775, representing the value of the stock as of January 1, 1960, the approximate date upon which the certificate was cancelled. Pursuant to stipulation by all parties, the judgment provided that American Optical be awarded indemnity against Merrill Lynch, that Merrill Lynch be awarded indemnity against the Bank, and that the Bank be awarded indemnity against Maudie Crane. Mathews has appealed, contending that the trial court should not have awarded him damages for conversion but should have decreed restoration of evidence of stock ownership and all dividends attributable thereto. Both American Optical and Merrill Lynch have perfected an appeal only for the purpose of protecting their indemnity judgments. Neither of these parties complain of the trial court's judgment. Neither the Bank or Maudie Crane has perfected an appeal.

The record reveals that Mathews was the owner of 100 shares of stock in American Optical Company, represented by Certificate No. NYA-21109. The certificate, indorsed in Mathews' name, was pledged by Maudie Crane to secure loan from the Bank. Thereafter the Bank, guaranteeing such indorsement, sold the stock to Merrill Lynch. Merrill Lynch also guaranteed the indorse-

ment of Mathews' name and sold the stock to a third person. The certificate was then presented to American Optical for cancellation and reissue, such being accomplished. Mathews alleged in his suit that some person stole the stock certificate from his possession on or about January 2, 1959, and that he did not discover the theft until approximately January, 1961. In his pleadings, the conversion aspect being enlarged by trial amendment, Mathews prayed "in the first alternative, that plaintiff have judgment against American Optical Company and First Citizens Bank, jointly and severally, for damages in the amount of $9,000 with interest thereon from December, 1959 and that plaintiff have further recovery of and from First Citizens Bank in the sum of $4,000 as punitive damages." He prayed "in the second alternative, that he have and recover from American Optical Company a new certificate for 100 shares of common stock together with interest from date of transfer and all dividends and benefits to the stockholder since December, 1959." The trial court rendered judgment on April 18, 1963 granting to Mathews his relief prayed for in his first alternative prayer for actual damages but denying punitive damages. On April 26, 1963 Mathews moved for a new trial stating that he had elected to seek from American Optical the remedy of requiring such company to tender to him a new stock certificate. The trial court overruled this motion. No findings of fact or conclusions of law were requested or filed.

Appellant Mathews presents one point on appeal: "The trial court erred in refusing to grant appellant the remedy of requiring American Optical to place him in possession of a stock certificate evidencing his ownership of the number of shares, including stock dividends, which would have been registered in his name but for the wrongful transfer by American Optical of the stock certificate * * * and as a matter of law, appellant is entitled to such remedy." In reply to this point, the Bank contends that appellant, having sued for conversion and sought a money judgment against the Bank and

American Optical for both actual and exemplary damages, the court was empowered to grant the relief prayed for in the first alternative, and to deny the second alternative relief. Furthermore, the Bank contends that appellant's second alternative prayer for equitable relief by way of restoration of the stock certificate was properly denied by the trial court, such action not being an abuse of discretion.

The sole question for our determination is whether appellant Mathews may properly demand that the trial court grant his equitable relief contained in his second alternative prayer. We have concluded that the judgment of the trial court is correct and should be affirmed.

■ In this case which was tried without a jury, and no findings of fact or conclusions of law were requested and none were filed, the court's judgment implies all necessary fact findings in support of· the judgment. Renfro Drug Co. v. Lewis, 149 Tex. 507, 235 S.W.2d 609, 23 A.L.R.2d 1114; Gulf, C. & S. F. Ry. Co. v. Deen, 158 Tex. 466, 312 S.W.2d 933. A review of the. record indicates ample evidence in support of the trial court's judgment in favor· of Mathews for the value of the stock converted by forged indorsement. Having decided that the trial court was justified in granting appellant the relief which he prayed for in his first alternative, and there being no complaint by any of the other parties concerning this money judgment for conversion, the question remains whether appellant Mathews may now disclaim the award of that which he asked in his pleadings and demand that the trial court give him the equitable relief sought by his alternative prayer.

■ The rule is almost universally established that the owner of stock which has been transferred without authority may do one of two things. He may either maintain an action for damages for conversion or he may seek equitable relief against the wrongdoer to compel it to replace the shares of

stock on its books in his name. Thus, he has two rights and remedies. He may recover one but not both. In Fletcher—Cyclopedia of Corporations, Permanent Edition, 1957 Revised Volume, Vol. 12, Sec. 5551, Pages 676–682, the rule, amply supported by authorities, is quoted:

"If a corporation recognizes a forged or unauthorized assignment of a certificate of stock and power of attorney to transfer, and registers the transfer on its books, or if it registers a transfer without any assignment or authority from the owner, it is guilty of a conversion of the shares, and the registered owner may maintain an action against it for damages * * *. * * * Instead of suing at law for conversion, however, the owner of stock which has been transferred by the corporation on its books under a forged or unauthorized assignment and power of attorney may maintain a suit in equity to compel the corporation to replace the shares on its books in his name, and issue to him a proper certificate, or, in the alternative, to recover a judgment for their value, unless the granting of such relief would result in an overissue * * *."

■■ Under our system of blended law and equity it was perfectly appropriate for appellant Mathews to assert his right and remedies in the alternative. This he did by asking, first, for recovery of money damages for the conversion and, in the second alternative, for equitable relief in the nature of restoration of the shares of stock illegally transferred. While he proceeded properly, he cannot obtain more than one relief. The trial court impliedly found all facts favoring appellant Mathews' contention concerning forgery and illegal transfer of the shares, but also concluded from the evidence that Mathews was entitled to his legal relief in the form of damages and not his equitable relief in the form of restoration. Mathews argues that he made an election to recover under his theory of resto-

ration. However, following such alleged election, the statement of facts, consisting of 617 pages, is replete with evidence relating to both theories of recovery. The trial court granted Mathews the specific relief which he sought in his first alternative prayer. He denied Mathews his equitable relief. Assuming that appellant did make an election, as he argues, such fact does not, in itself, overcome the fact that the trial judge found against him on his alleged elective count of recovery and we cannot say that such action is erroneous. Appellant does not ask us to remand or render the judgment but merely to reform it by giving him his equitable relief denied by the court below. This we cannot do under the facts developed and since the parties against whom the damage judgment was rendered do not complain it should not be disturbed by us.

■ The granting or denial of equitable relief lies within the sound discretion of the trial court whose functions are similar to that of the chancellor under English equity practice. 22 Tex.Jur.2d 541, Sec. 4. Appellant's challenge of the trial court's refusal to grant him his equitable relief, contained in his second alternative prayer, must be founded upon a clear abuse of discretion on the part of the trial judge. A careful examination of the record in this case reveals that appellant Mathews has failed to demonstrate an abuse of discretion. Lipscomb v. Perry, 100 Tex. 122, 96 S.W. 1069; Railroad Commission v. Shell, 146 Tex. 286, 206 S.W.2d 235; Texas Foundries v. International Moulders & Foundry Workers' Union, 151 Tex. 239, 248 S.W.2d 460; Transport Co. of Texas v. Robertson Transports, Inc., 152 Tex. 551, 261 S.W.2d 549. We do not deem it necessary nor desirable to review the voluminous testimony relating to the alleged relationship between appellant Mathews and Maudie Crane which threw some light upon the circumstances leading to the disappearance of the certificate of stock. Suffice it to say that the testimony relating to a long period of relationship between the parties is rather sordid and con-

flicting. The trial court considered this maze of conflicting evidence and concluded that appellant Mathews had not demonstrated his right to equitable relief by way of restoration of the certificate of shares. This record does not reflect an abuse of discretion. Appellant Mathews' statement to the effect that he was entitled to equitable relief, as a matter of law, is certainly not justified either in law or in fact.

Finding no error in this record the judgment of the trial court is. affirmed.

Affirmed.

BATEMAN, J., not sitting.