Leonard H. Sandler, J.
In this holdover proceeding, the critical issue is whether this court may give legal effect to the tenant’s exercise of an option to renew, communicated after the date clearly specified in the lease, although before the expiration of the original term, when the landlord was not prejudiced by the delay and it was the result of an honest mistake.
The background facts are not in serious dispute. In August, 1965, the tenant, engaged in different aspects of the automobile business, entered into a five-year lease, to commence on November 1, 1965 and to terminate on November 30, 1970, with a monthly rental of $700. The lease included an option to renew for an additional 5 years, at a rental of $750 per month, with other provisions not here pertinent. The option was required to be exercised on or before July 30,1970.
The option not having been exercised, an employee of the landlord informed the tenant on October 5, 1970 that it had lapsed. In the course of the conversation, the tenant said he had misplaced his copy of the lease, and would like to see the lease, which was promptly delivered. Following a further conversation, the tenant forwarded to the landlord a letter, dated October 5, 1970, exercising the option to renew, which was promptly rejected.
*586 I find that the landlord was in no way prejudiced by the tenant’s failure to exercise the option by the date fixed in the lease.
I also find, notwithstanding some contradictory testimony, that the tenant’s omission resulted from an honest mistake, caused by a failure of memory as to the date fixed in a lease that he had misplaced. The economic circumstances, detailed in the testimony and clearly confirming that a loss of the location would be a major blow to the tenant’s business, add compelling force to his testimony.
The question presented is whether the law of this State precludes relief under these circumstances where the lease provision in question is not ambiguous. Analysis of the issue necessarily starts with the leading case of Jones v. Gianferante (280 App. Div. 856, affd. 305 N. Y. 135).
Although the Appellate Division found the lease to be ambiguous as to when the option was to be exercised, I believe that a textual analysis of both the Appellate Division opinion and that of the Court of Appeals confirms that neither court intended the decision to turn on a finding of ambiguity.
Thus the Appellate Division said (p. 856): “we think it is abundantly clear that the parties intended the privilege of a renewal period of at least an additional ten years, and the delay of twelve days in giving notice of election to renew should not result in a forfeiture by the tenant of his substantial investment in the premises when the landlord has not been prejudiced by the delay. Especially should this be so when the failure to give notice was due to an honest mistake in construing the terms of a lease which is at best ambiguous.”
The opinion of the Court of Appeals is even more explicit. First the court summarized the facts as found by the Appellate Division in terms that apply with equal precision to the instant case. “It found that the tenant had intended to accomplish a renewal, that his failure to notify the landlord was the result of an honest mistake, that the landlord suffered no damage by the brief delay, and that to evict the tenant would cause the tenant much hardship because of his investment in the business ” (p. 138). The court went on to say that: ‘1 the Appellate Division gave the tenant the benefit of the rule or practice in equity which relieves against such forfeitures of valuable lease terms when default in notice has not prejudiced the landlord, and has resulted from an honest mistake, or similar excusable fault. We do not doubt that such a rule exists and that it was appropriately made use of here ”.
*587 It is true that the court went on to distinguish another case on the ground that it involved no ambiguity, but I think it clear that this discussion was not intended to qualify the general rule explicitly described by the court which rested squarely on an absence of prejudice coupled with an honest mistake.
An ambiguity may indeed substantiate that the mistake was honest, but surely that conclusion may be reached on the basis of other circumstances. ■
What we observe here in the Jones case, and others in the area, is a necessary judicial response to the basic problem. The option to renew is plainly of great value to ^ commercial tenants in these days of spiraling rents, and usually given in exchange for valuable consideration. The length of such leases predictably gives rise to occasions in which a tenant overlooks the date, often several months before the expiration of the lease, when the option must be exercised.
The grave injury to the life of a business implicit in such a forfeiture, when coupled with lack of prejudice to the landlord, presents a compelling case for invoking the equitable powers of the courts. (See Rizzo v. Morrison Motors, 29 A D 2d 912; Topping Realty Corp. v. Reliance Reproduction Co., Civ. Ct. of N. Y., Index No. 69058/1970 [Kelly, J.].)
Accordingly, a judgment is to be entered dismissing the petition.