INN OF the HILLS, LTD., Appellant,

v.

SCHULGEN & KAISER, Appellee.

No. 04–86–00038–CV.

Court of Appeals of Texas, San Antonio.

Jan. 14, 1987.

Rehearing Denied Feb. 10, 1987.

Scott F. Monroe, Kerrville, for appellant.

Stephen B. Ables, Kerrville, for appellee.

Before CADENA, C.J., and BUTTS and CANTU, JJ.

## OPINION

CADENA, Chief Justice.

Defendant, Inn of the Hills, Ltd., a limited partnership, present owner of land in Kerrville, Texas, subject to a lease exe-

cuted by its predecessor in interest, appeals from a judgment rendered in favor of plaintiff, Schulgen and Kaiser, a partnership, declaring that the lease had been validly extended and has not been terminated.

The evidence establishes:

1. In April, 1964, defendant's predecessor in title leased the land in question to Texaco, Inc., for a term of 15 years after "a date certain improvements ... are completed by lessor and accepted by lessee, which date shall be established in writing." By subsequent "letter agreement" the parties specified that the beginning date of the lease would be March 23, 1965.

2. Lessee was given the right to extend the lease "for three successive five year periods." ... provided that notice "of lessee's election to exercise" each such extension option was given in writing to lessor "at least 60 days prior to expiration of the initial term or the first or the second option period...." According to this provision, the last day for giving notice of the exercise of the option to extend for the first 5 years was required to be given no later than January 22, 1980, while notice of intention to extend for the second 5-year period was due no later than January 22, 1985.

3. Texaco, the original lessee, timely exercised its option to extend the lease for the first five year period, making the termination date of the lease March 22, 1985. Texaco then assigned the leasehold interest to Stephenson Oil Company which, in turn, assigned to Paul Romack. In 1984, plaintiff purchased the Texaco distributorship and bulk plant for the Kerrville area from Texaco and, as part of the general scheme, Romack assigned the lease to plaintiff. The agreement transferring the lease to plaintiff represented that the unexpired portion of the lease was 13 years.

4. Although a written memorandum of the original lease had been recorded in the office of the county clerk of Kerr County, neither Schulgen, a licensed real estate broker, nor Kaiser obtained a copy of the lease or read the lease prior to the assignment of the lease to the Schulgan and Kaiser partnership. Their attorney, who drew up the necessary instrument of assignment, did not have a copy of the lease. At the time the transaction was closed, Romack and a representative of Texaco were present, but neither mentioned that the lease contained a renewal option which had to be exercised no later than January 22, 1985.

5. Plaintiff would not have purchased the distributorship and the bulk plant without the inclusion of the lease with an unexpired term of 13 years.

6. A day or two after expiration of time for giving notice of exercise of the option to extend the lease for the second 5-year period, a Texaco representative asked Schulgen if plaintiff had renewed the lease. Schulgen, who until then was unaware of the renewal requirement, immediately contacted Georgia Thompson, defendant's general manager, and attempted to exercise the renewal option orally. Thompson replied that the attempted extension "came too late" and that the lease would not be renewed. By letter dated February 7, 1985, plaintiff's attorney attempted to renew the lease. Suit was filed when this effort was unsuccessful.

In its conclusions of law, the trial court stated that plaintiff's failure to comply with the requirements of the lease concerning extension and renewal was not due to their willful or gross neglect, although plaintiff's failure to obtain a copy of the lease and the subsequent letter establishing the beginning date constituted negligence. Another "conclusion of law" recited that there was no fraud, misleading statement or other act by defendant tending to induce plaintiff "not to exercise the option to renew or waiver of the terms of said lease...." The final conclusion of law recited that plaintiff's failure "to fulfill the renewal requirement of the option was mere neglect, since the delay was slight, the relative loss to [defendant] small, failure to grant relief would result in such hardship to [plaintiff] as to make it unconscionable to enforce literally the terms of the option."

The trial court's judgment is based on the rule announced in *Jones v. Gibbs,* 133 Tex. 627, 130 S.W.2d 265 (1939), where the Court said:

> In cases of mere neglect in fulfilling a condition precedent of a lease, which do not fall within accident or mistake, equity will relieve when the delay has been slight, the loss to the lessor small, and when not to grant relief would result in such hardship to the tenant as to make it unconscionable to enforce literally the condition precedent of the lease.

*Id.* 130 S.W.2d at 272.

Defendant contends that the trial court erred in applying this "rule of equity," arguing that the language quoted above is mere dictum, and that the rule relied on by plaintiff has not been adopted in Texas. This argument is based on the majority opinion in *Reynolds-Penland Company v. Hexter & Lobello,* 567 S.W.2d 237 (Tex.Civ. App.—Dallas 1978, writ dism'd agr.), which refused to apply the rule, dismissing the *Jones* language as mere dictum, and concluded that the result in *Jones* rested on a finding that the option was properly exercised when the lessee, at the administrator's direction, made the renewal payment to the attorney for the lessor's estate, rather than to the lessor's heirs. 567 S.W.2d at 240.

■ We adopt the view of Chief Justice Guittard, expressed in his dissenting opinion in *Reynolds-Penland,* 567 S.W.2d at 243, as follows:

> When our highest court gives two grounds for a decision, both of which are carefully developed and supported by authority, an intermediate court cannot justifiably disregard either of these grounds as *obiter.*

The rule announced in *Jones* finds support in the opinion in *Sirtex Oil Industries, Inc. v. Erigan,* 403 S.W.2d 784 (Tex.1966), but the *Reynolds-Penland* majority distinguished this case on the ground that the decision rested on the theory that the lease clause violated by lessee was a covenant rather than a condition. 567 S.W.2d at 241.

■ The trial court correctly concluded that this case is controlled by *Jones.*

Defendant challenges the failure of the trial court to find that plaintiff was grossly negligent. A finding of gross negligence, of course, would result in judgment for defendant, since the *Jones* rule is limited to cases of "mere neglect," and, as *Jones* recognized, "relief based on equitable grounds cannot be given if the failure to give notice has been due to willful or gross neglect ...." 130 S.W.2d at 272.

■ Gross negligence has been defined as that entire want of care which would raise the belief that the act or omission complained of was the result of conscious indifference to the right or welfare of the person or persons to be affected by the conduct. *Burk Royalty Co. v. Walls,* 616 S.W.2d 911, 920 (Tex.1981). Defendant points to plaintiff's failure to obtain a copy of the lease until after the time for exercise of the option had elapsed, arguing that Schulgen, as a real estate agent, knew or should have known to inquire and obtain copies of the relevant instruments. While it is undisputed that plaintiff was negligent, we cannot hold that the evidence establishes gross neglect as a matter of law, or that the trial court's failure to find gross negligence is against the great weight and preponderance of the evidence. To overlook something does not call for punitive treatment. *Sirtex Oil Industries, Inc. v. Erigan,* 403 S.W.2d at 788. Plaintiff's conduct does not reflect conscious indifference of his rights, nor can we say that it represents the attitude of a person who knew of his peril but demonstrated by his conduct that he did not care. *See Burk Royalty Co. v. Walls,* 616 S.W.2d at 922.

■ An action for declaratory judgment cannot be characterized as being either a legal or an equitable remedy. It is *sui generis. Texas Liquor Control Board v. Canyon Creek Land Corp.,* 456 S.W.2d 891, 895 (Tex.1970). It does not supplant remedies already existing, but is an alternative or cumulative remedy which does not bar the right to declaratory relief. *Id.* Therefore, defendant's contention that

plaintiff is not entitled to declaratory relief because it possibly has a cause of action for damages against Romack for misrepresentation and against its attorney for malpractice must be rejected. It may also be pointed out that in suits for the possession of land the existence of a cause of action for damages is no ground for denying equitable relief. *Irving Bank & Trust Co. v. Second Land Corp.*, 544 S.W.2d 684, 688 (Tex.Civ.App.—Dallas 1976, writ ref'd n.r. e.).

Defendant contends not only that the trial court erred in awarding plaintiff attorney's fees but in failing to order plaintiff to pay defendant's attorney's fees. These arguments are based on the fact that plaintiff was guilty of negligent conduct while defendant, according to the trial court's finding, did nothing to mislead plaintiff.

■ In a suit for declaratory judgment, the court "may award costs and reasonable attorney's fees as are equitable and just." TEX.CIV.PRAC. & REM.CODE § 37.009 (Vernon 1986). An award of attorney's fees in such a case will be set aside only on a showing of abuse of discretion, and the test is whether the decision of the trial court is arbitrary or unreasonable. *Landry v. Travelers Insurance Co.*, 458 S.W.2d 649, 651 (Tex.1970). Defendant has failed to show an abuse of discretion. The suit was brought by plaintiff to prevent the loss of a valuable leasehold interest, and the issues were fairly joined and tried. *See Monroe v. Scott*, 707 S.W.2d 132, 135 (Tex. Civ.App.—Corpus Christi 1986, writ ref'd n.r.e.).

The judgment of the trial court is affirmed.