134 F.3d 379
 2 Cal. Bankr. Ct. Rep. 36
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
RPM-FOX PLAZA, LTD, Plaintiff-Appellant,
v.
LA SALLE NAT'L BANK, as Trustee for Holders of WHP
Commercial Mortgage Pass-Through Certificates
Series 1995-C1, Defendant-Appellee.
 No. 96-56381.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 6, 1998.
Jan. 22, 1998.
 
 Before LAY** GOODWIN and SCHROEDER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 PFAELZER, District Judge.
 
 
 3
 Debtor RPM-Fox Plaza, Ltd. ("RPM") appeals the district court's affirmance of the bankruptcy court's denial of its Motion for Rehearing of its Motion to Enforce Plan. The parties being fully aware of the facts of this case, they will not be repeated herein.
 
 
 4
 This court reviews the district court's decision on appeal from a bankruptcy court de novo. In re Claremont Acquisition Corp., 113 F.3d 1029, 1031 (9th Cir.1997). We apply a clearly erroneous standard to the bankruptcy court's findings of fact and review its conclusions of law de novo. Id.
 
 
 5
 The district court did not err in affirming the bankruptcy court's finding that, under Texas law, no equitable exception exists to relieve RPM-Fox Plaza from enforcement of Optional Discounted Prepayment provisions of the Loan Agreement. The Optional Prepayment Discount portion of the Loan Agreement is indistinguishable from the option agreement in B.F. Saul Real Estate Inv. Trust v. McGovern, 683 S.W.2d 531 (Tex.App.1984). Accordingly, any equitable rule against forfeiture which might exist under Texas law is inapplicable. Moreover, nothing in the evidence indicates that RPM provided any sort of consideration for the option. Thus, the Optional Prepayment Discount provisions were not part of a bilateral contract to which an equitable rule against forfeiture might be applicable under Jones v. Gibbs, 130 S.W.2d 265 (Tex.1939).
 
 
 6
 Neither can RPM avail itself of an equitable exception to the general rule requiring strict compliance with the option provisions of a contract, inasmuch as refusal to grant equitable relief would not result in an unconscionable hardship to RPM. Inn of Hills, Ltd. v. Schulgen & Kaiser, 723 S.W.2d 299, 301 (Tex.App.1987).
 
 
 7
 Finally, the district court did not err in affirming the bankruptcy court's refusal, under Texas law, to consider parol evidence to determine whether an ambiguity existed in the Loan Agreement. Even if the letter agreement were considered to be part of the contract, there was no ambiguity as to when the initial $50,000 payment would be due, notwithstanding the fact that the length of the initial grace period was renegotiated from six months out to one year. Thus, the bankruptcy court correctly determined that parol evidence was inadmissible to show that the parties intended some meaning other than the end of the first Loan Year, for when the initial $50,000 payment would be due. Universal C.I.T. Credit Corp. v. Daniel, 243 S.W.2d 154, 157 (Tex.1951).
 
 
 8
 AFFIRMED.
 
 
 
 **
 Honorable Donald P. Lay, United States Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3